UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

BRIAN E. SCHMIEGE,

      Plaintiff,

  v.

THE STATE OF NEW YORK, *et al.*,

      Defendants.

21-CV-418-LJV
ORDER

---

On March 22, 2021, the *pro se* plaintiff, Brian E. Schmiege, filed a complaint alleging that the defendants violated the Americans with Disabilities Act of 1990 (the "ADA") and his constitutional rights. Docket Item 1. This Court previously granted Schmiege's request to proceed *in forma pauperis* (that is, as a person who should have the prepayment of the ordinary filing fee waived because he cannot afford it) and screened his complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a). Docket Item 7.

In its screening order, this Court found that Schmiege's ADA claims against defendants Joey Clinton, Sean White, and David Williams; his unconstitutional-conditions-of-confinement claims against defendants White, Rodney Burns, Troy Emke, Andrew Snyder, and Elisabeth Couch; and his retaliation claim against Couch were sufficient to proceed to service and gave Schmiege leave to amend some of his other claims. *Id.* In a letter dated July 20, 2021, Schmiege alerted the Court that he did not intend to amend his complaint. Docket Item 8 at 1.

In that same letter, Schmiege asked for this Court's assistance with certain requests he has made under New York's Freedom of Information Law ("FOIL"). *Id.* at

1-2.[1]  This Court construes that part of Schmiege's letter as a motion to conduct discovery under Federal Rule of Civil Procedure 26 and denies that motion as premature.

"Local Rule of Civil Procedure 26(b) provides that '[s]ubject to the requirements of Fed. R. Civ. P. 26(a)(1), a party may not seek discovery from any source prior to the Rule 26(f) conference, absent the parties' agreement or a Court order setting a discovery schedule.'"  *Micolo v. Fuller*, 2016 WL 158591, at *2 (W.D.N.Y. Jan. 13, 2016).  The defendants will be served shortly, and Schmiege then will have the opportunity to participate in discovery.  Therefore, his request for a discovery order is denied without prejudice.

Schmiege's letter also asked the Court to appoint counsel for him.  Docket Item 8 at 2.  In deciding whether to appoint counsel, courts first assess the indigent plaintiff's likelihood of success on the merits of his claim.  *See Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986).  If the claim meets this threshold requirement, courts consider a number of other factors, including "the nature of the factual issues the claim presents[,] . . . the plaintiff's apparent ability to present the case[,] . . . whether appointment of counsel would lead to a quicker and more just result by sharpening the issues and shaping examination[,] . . . [and the plaintiff's] efforts to obtain counsel."  *Id.*

This action was commenced only recently, and the defendants have not yet answered the allegations in the complaint.  The only facts upon which this Court may

---

[1] If Schmiege wishes to bring a claim for the denial of his FOIL requests, that claim is not cognizable in this section 1983 case.  The appropriate vehicle for challenging denials of access to freedom of information requests is a state court Article 78 proceeding.  *Schuloff v. Fields*, 950 F. Supp 66, 67-68 (E.D.N.Y. 1997); *see also Blount v. Brown*, 2010 WL 1945858, at *2 (E.D.N.Y. May 11, 2010) (collecting cases).

base its decision as to whether this lawsuit is of substance are Schmiege's allegations. At this stage, the Court lacks sufficient information to consider the factors stated in *Hodge*. Schmiege's request for appointment of counsel therefore is denied without prejudice as premature.

## ORDER

In light of the above, it is HEREBY

ORDERED that Schmiege's motion for discovery, Docket Item 8, is denied without prejudice as premature; and it is further

ORDERED that Schmiege's request for the appointment of counsel, Docket Item 8, is denied without prejudice as premature; and it is further

ORDERED that Schmiege's claims against the State of New York and the Commissioner, as well as his inadequate-medical-care claims against White, Williams, and Clinton, are dismissed, and the Clerk of the Court shall terminate the State of New York and the Commissioner as defendants in this action; and it is further

ORDERED that the Clerk of the Court shall cause the United States Marshal to serve copies of the summons, the complaint, this Court's prior order, Docket Item 7, and this order upon defendants Clinton, White, Williams, Burns, Emke, Snyder, and Couch without the plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in the plaintiff's favor; and it is further

ORDERED that the Clerk of the Court shall forward a copy of this order by email to Michael Russo, Assistant Attorney General in Charge, Buffalo Regional Office, at Michael.Russo@ag.ny.gov; and it is further

ORDERED that once served, the defendants shall answer the complaint or respond under 42 U.S.C. § 1997e(g); and it is further

ORDERED that Schmiege shall notify the Court in writing if his address changes. The Court may dismiss the action if Schmiege fails to do so.

SO ORDERED.

Dated: August 9, 2021
       Buffalo, New York

                                     */s/ Lawrence J. Vilardo*
                                     LAWRENCE J. VILARDO
                                     UNITED STATES DISTRICT JUDGE